OPINION
{¶ 1} Defendant-appellant, Daniel E. Brodman, appeals the judgment of sentence of the Hardin County Court of Common Pleas requiring him to pay restitution to the victims of his offense.
 {¶ 2} While this is a consolidated appeal, the assignment of error pertains only to the theft by deception charge. The record reveals that on January 11, 2001, in Kenton, Ohio, the appellant wrote a check made out to the Shastar Incorporated store on Commercial Savings Bank in the amount of $44.48. Unbeknownst to Shastar, the appellant's checking account was closed. However, in exchange for the check, the appellant received a VCR valued at $247.21 and a television valued at $1,239.37.
 {¶ 3} On March 14, the appellant was indicted for theft by deception, a felony of the fifth degree in violation of R.C. 2913.02(A)(3). In an unrelated case, the appellant was indicted on May 4, 2001, for aggravated murder, a violation of R.C. 2903.01(A), and involuntary manslaughter, a violation of R.C. 2903.04(A), both felonies of the first degree. On February 19, 2002, the appellant entered a plea of guilty to one count of theft by deception and one count of involuntary manslaughter. The State dismissed the aggravated murder charge.
 {¶ 4} At the sentencing hearing on April 19, 2002, the trial court sentenced the appellant to eight years in prison for the charge of involuntary manslaughter and to six months for the theft by deception charge. The court also ordered the appellant to pay all court costs and to pay restitution in an appropriate amount.
 {¶ 5} The appellant now appeals asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR {¶ 6} "The trial court erred in ordering Daniel Brodman to pay $3,070.48 in restitution."
 {¶ 7} A trial court is authorized to order restitution by an offender to a victim in an amount based upon the victim's economic loss.[1] Pursuant to R.C. 2929.18(A)(1), the trial court is to determine the amount of restitution at the sentencing hearing.[2] A trial court's failure to establish the amount of restitution at the sentencing hearing is plain error requiring remand.[3]
 {¶ 8} The appellant contends that the trial court abused its discretion in ordering the appellant to pay $3,070.48 in restitution to the victims of the theft by deception charge. Specifically, the appellant states that the trial court ordered him to pay Shastar $1,801.48 in restitution and to pay AP Rental (also referred to as AT Rental) $1,269.00. The State contends that the amount due AP/AT Rental is actually $126.59 and that the amount appearing in the transcript of the sentencing hearing was a typographical error.
 {¶ 9} In addition, the State maintains that the trial court did not order a specific amount of restitution. This argument proves accurate as neither the sentencing transcript nor the judgment entry states a determinable amount of the appellant's restitution obligation. At the sentencing hearing, the trial court stated: "Counsel, in any event, the Court is not going to adjudicate an amount of restitution. This is not the proper forum for that. So the Court will not be adjudicating restitution. The Court will, naturally, order that restitution in an appropriate amount be made." In its judgment entry, the trial court wrote: "The defendant shall make appropriate restitution to the victims, Shastar and AT Rental, payable through the Clerk of Courts."
 {¶ 10} As the record illustrates, the trial court ordered "appropriate" restitution as a part of the appellant's sentence following his guilty plea. The trial court's failure to determine the amount of restitution at sentencing, however, as required by R.C. 2929.18, constitutes plain error. Accordingly, for the aforementioned reasons, the appellant's assignment of error is sustained. We will remand these causes for a hearing to determine the amount of restitution to be made.
Judgments reversed and causes remanded.
BRYANT and WALTERS, JJ., concur.
[1] R.C. 2929.18(A)(1).
[2] Id.
[3] State v. Vaughn (Sept. 20, 2002), Darke Co. App. No. 1564;State v. Clark (June 19, 1998), Greene App. No. 97-CA-26.